# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ANSON CHI, #44588-177, § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:22-cv-00345-ALM-AGD |
| § | |
| v. § | |
| § | |
| RICHARD SCHELL, et al. § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

The following motions are pending before the Court:

1. Plaintiff's Rule 59(e) motion for reconsideration to alter or amend the judgment (Dkt. #12);

2. Plaintiff's motion to expedite ruling (Dkt. #13); and

3. Plaintiff's second motion to expedite ruling (Dkt. #14).

Having considered the Plaintiff's motions, the Court finds the Plaintiff's Rule 59(e) motion for reconsideration to alter or amend the judgment (Dkt. #12) should be **GRANTED** to the extent that the Court finds that the Plaintiff's objections to the report and recommendation should be considered. In all other respects, the Plaintiff's Rule 59(e) motion for reconsideration to alter or amend the judgment should be **DENIED**. The Court further finds that the Plaintiff's motion to expedite ruling (Dkt. #13) and second motion to expedite ruling (Dkt. #14) should be **DENIED AS MOOT**.

On July 11, 2022, the magistrate judge entered a report and recommendation, recommending that the Plaintiff's case be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Criminal Procedure (Dkt. #8). A dismissal under Rule 41(b) is appropriate

when a plaintiff fails to prosecute his case or comply with an order of the court. Here, the Plaintiff was ordered to pay the requisite filing fee of $402.00 or submit an application to proceed in forma pauperis that complied with the heightened standard for an applicant with three strikes pursuant to 28 U.S.C. § 1915(g). The magistrate judge warned the Plaintiff that failure to comply with the Court's order may result in the dismissal of his lawsuit.

Thereafter, the Plaintiff refused to accept delivery of the Court's order. On May 25, 2022, the Plaintiff filed a motion to proceed in forma pauperis; however, the magistrate judge denied the Plaintiff's motion because the motion failed to meet the heightened standard for an applicant with three strikes. The magistrate judge then ordered the Plaintiff to pay the full filing fee of $402.00 by June 27, 2022. Additionally, the magistrate judge warned the Plaintiff that if he did not timely pay the full filing fee, the magistrate judge would recommend the dismissal of the Plaintiff's lawsuit without further notice.

Although the Plaintiff received the magistrate judge's order, the Plaintiff failed to timely pay the full filing fee. Accordingly, the magistrate judge issued a report and recommendation, recommending the dismissal of the Plaintiff's case without prejudice for failure to prosecute.

On July 27, 2022, the Plaintiff received the magistrate judge's report and recommendation. According to the Plaintiff's certificate of service, the Plaintiff served the Government with his objections to the report and recommendation on August 8, 2022. The envelope containing the Plaintiff's objections bears a stamp of August 9, 2022. The Court received the Plaintiff's objections to the report and recommendation on August 15, 2022. The Plaintiff's objections were docketed on August 16, 2022.

On August 17, 2022, the Court entered its Memorandum Adopting Report and Recommendation of United States Magistrate Judge. In the Memorandum Adopting, the Court

stated that it reviewed the report of the magistrate judge, *and no objections thereto having been timely filed*, the Court concluded that the findings and conclusions of the magistrate judge were correct and adopted the same as the findings and conclusions of the Court.

The Plaintiff then filed the motion to reconsider that is presently before the Court. The Plaintiff moves the Court to reconsider its Memorandum Adopting pursuant to Rule 59(e) because the Plaintiff timely filed objections to the report and recommendation but the Court did not consider the same. Essentially, the Plaintiff asks the Court to consider his objections to the report and recommendation and, additionally, to find the objections have merit.

A motion to alter or amend judgment pursuant to Rule 59(e) must be filed no later than 28 days after the judgment is entered. Here, the certificate of service indicates that the Plaintiff served the Government with his motion on September 11, 2022. The Court received the Plaintiff's motion on September 19, 2022. The Court finds that the Plaintiff's motion was timely filed.

A motion to reconsider or "a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-864 (5th Cir. 2003), citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, 2004 WL 2189634, *1 (N.D. Tex. 2004), citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Id.*, citing *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). "In exercising this discretion, a district court must 'strike the proper balance between the need for

finality and the need to render just decisions on the basis of all the facts.'" *Id.*, citing *Hale*, 45 F.3d at 921.

Here, the Court finds that the Plaintiff did timely file his objections to the magistrate judge's report and recommendation, but the Court inadvertently did not consider the Plaintiff's objections. Therefore, the Court will grant that portion of the Plaintiff's motion that asks the Court to consider his objections to the report and recommendation. The Court will consider the Plaintiff's objections to the report and recommendation at this time.

In his objections, the Plaintiff states that the Court "stole" his $402.00 filing fee. More specifically, the Plaintiff contends that the Court stole $1,720.02 from his inmate trust account on June 30, 2022, thereby preventing him from paying the filing fee in this case.

Subsequent to the Plaintiff filing his objections herein, the United States Court of Appeals for the Fifth Circuit issued the following:

> Anson Chi pleaded guilty to possession of an unregistered firearm and malicious use of explosive materials and was sentenced to 240 months of imprisonment. The district court also imposed restitution in the amount of $28,127.77. In 2022, the Government filed a motion for a turnover order, asserting that the Bureau of Prisons (BOP) then held $1,720.02 in cash in Chi's inmate trust account. The district court granted the motion and issued a turnover order.
>
> ------
>
> We review the district court's turnover order for an abuse of discretion standard and will only reverse "if the court has acted in an unreasonable or arbitrary manner." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 239 (5th Cir. 1997). In his brief, Chi states that his mother deposited $2,000 of his COVID-19 stimulus funds from the IRS into his inmate trust account. Because the stimulus payment constituted "substantial resources from any source" and did not qualify for any exemptions to tax levy, federal and state law permitted the district court's turnover order. 18 U.S.C. § 3664(n); *see also* 18 U.S.C. § 3613(a), (c); Tex. Civ. Prac. & Rem. Code § 31.002(a); *United States v. Stark*, 56 F.4th 1039, 1040–41 (5th Cir. 2023) (per curiam); *United States v. Diehl*, 848 F.3d 629, 631–33 (5th Cir. 2017).
>
> To the extent Chi argues that the district court's turnover was unnecessary due to his agreement with the BOP to pay restitution in monthly installments, an

> inmate's compliance with a payment schedule does not preclude the Government from using other means of collection when, as here, the judgment provides that restitution is due immediately. *See Diehl*, 848 F.3d at 633–35. While Chi argues that the district court was required to determine the source of his funds before issuing the turnover order, he cites only nonbinding law from the Eighth Circuit to support his claims.
>
> Chi also argues that the district court's turnover order prevented him from paying court costs and fees, which prevented him from accessing the courts. However, he has not alleged that he was prevented from preparing and transmitting legal documents or shown that he has a nonfrivolous legal claim that was impeded. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). As to Chi's argument that he was not afforded notice or a meaningful opportunity to respond to the Government's motion, he has not demonstrated that any response he may have filed would have affected the district court's decision to enter the turnover order. *See United States v. Rand*, 924 F.3d 140, 144–45 (5th Cir. 2019) (per curiam).

*United States v. Chi*, No. 22-40469, 2023 WL 3843087, at *1 (5th Cir. June 6, 2023).

Based on the Fifth Circuit's opinion, it is clear that the Court's turnover order was proper. Because the Plaintiff was ordered to pay restitution in his criminal case, it was proper for this Court to issue a turnover order, directing the Bureau of Prisons to turn over $1720.02 to the United States District Clerk from the Plaintiff's inmate trust account.

Having conducted a *de novo* review of the Plaintiff's objections, the Court finds that the Plaintiff's objections lack merit. Accordingly, the Court adopts the Magistrate Judge's report as the findings and conclusions of the Court.

Based on the forgoing, it is hereby

**ORDERED** that the Plaintiff's Rule 59(e) motion for reconsideration to alter or amend the judgment (Dkt. #12) is **GRANTED** to the extent that the Court finds that the Plaintiff's objections to the report and recommendation should be considered. In all other respects, the Plaintiff's Rule 59(e) motion for reconsideration to alter or amend the judgment is **DENIED**. It is further

5

**ORDERED** that the Plaintiff's motion to expedite ruling (Dkt. #13) and second motion to expedite ruling (Dkt. #14) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED this 28th day of September, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE